IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DENIS, D-94563, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> R. GROUNDS, Warden, ) <br> ) <br> Respondent(s). ) <br> ) | No. C 11-3748 CRB (PR) <br><br> ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS <br><br> (Docket # 2) |

I.

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) December 1, 2009 decision to deny him parole. Petitioner claims the BPH violated his due process rights by denying him parole based on improper evidence, including his commitment offense, criminal history and a diagnostic risk assessment.

Petitioner also seeks leave to proceed in forma pauperis (docket # 2), which, based on his affidavit of poverty, is GRANTED.

II.

The Supreme Court has made clear that, in the context of parole, a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011). The Constitution does not require more. Id.

As the Ninth Circuit recently put it, "<u>Cooke</u> was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, '[t]hat should . . . be [] the beginning and the end of [the] inquiry into whether [the inmate] received due process.'" <u>Pearson v. Muntz</u>, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting <u>Cooke</u>, 131 S. Ct. at 862). Because petitioner has not questioned whether those procedures were provided, this court's inquiry "is at its end." <u>Id.</u>

### III.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED:  Aug. 2, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Denis, K1.dismissal.wpd